# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      Plaintiff,

  v.                                   **Case No. 05-CR-232**

**JULIO BAUTISTA,**

      Defendant.

## ORDER DENYING THE DEFENDANT'S EVIDENTIARY HEARING REQUESTS

On September 20, 2005, the grand jury returned a two-count indictment against the defendant, Julio Bautista ("Bautista"). Both counts of the indictment charge Bautista with distributing controlled substances.

Bautista has filed a motion to sever the two counts of the indictment and a motion to suppress statements made to law enforcement officials following his arrest. He requests an evidentiary hearing to address both of these motions. In doing so, Bautista has failed to comply with Criminal Local Rule 12.3. Rule 12.3 states that, when a movant seeks an evidentiary hearing, the movant shall have a conference with the non-moving party and then provide a description of the material disputed facts that the movant claims require an evidentiary hearing. The purpose of the rule is to assure the court that there are material facts in dispute and that an evidentiary hearing is actually warranted. The court's pretrial scheduling order, dated October 4, 2005, requires that any motion for an evidentiary hearing comply with Criminal Local Rule 12.3. There is no showing that the defendant has done so.

In addition, in support of his motion to sever, Bautista argues that a separate trial on each of the counts is required because (1) "cumulative nature of the two drug delivery counts will undoubtedly serve to infer guilt on each other" and (2) Bautista may choose to testify on one count and not the other. (Bautista Br. at 2.). These claims present legal issues and are not based on factual disputes. Thus, an evidentiary hearing is not needed to address Bautista's severance motion, and his evidentiary hearing request for that motion is hereby **denied.**

Baustista's request for an evidentiary hearing on his motion to suppress will also be denied. Bautista's motion to suppress reads, in full, as follows:

> The Defendant, Julio C. Bautista (hereafter "Bautista"), by his attorney, John A. Birdsall, of Birdsall Law Offices, S. C., hereby moves this Court pursuant to Fed. R. Crim. Proc. 12 (b)(3) for the entry of an order suppressing for use as evidence any and all statements made by the defendant at any time on or after his arrest on 9/7/05, in violation of his rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Miranda v. Arizona, 384 U.S. 436 (1966).
>
> The Defendant requests an evidentiary hearing be held in this matter in order to adduce evidence to form a factual basis for this motion. Following such hearing, Bautista will file an appropriate memorandum of law in support of this motion.

Contrary to Bautista's motion, there must be a least a preliminary showing of "evidence to form a factual basis for th[e] motion" when an evidentiary hearing request is made. Lack of any such factual basis and noncompliance with Criminal Local Rule 12.3 prevent the court from determining whether an evidentiary hearing is warranted. Since the government follows an "open file" discovery policy in this district, the means for obtaining supportive facts is readily available.

Moreover, in response to Bautista's evidentiary hearing request, the government indicates that Bautista made a single post-arrest statement—"If you see my wife, tell her I said Hi and that I fucked up." Attached to the government's response is the Drug Enforcement Administration report regarding

2

the statement which indicates that Bautista's statement after he was advised of his Miranda rights was unsolicited. Counsel for the government also states that she is unable to take a position on the need for a hearing at this time, due to the fact that Bautista did not specify what factual portions of the report are in dispute.

Based on the foregoing considerations, Bautista has not demonstrated that an evidentiary hearing is needed. Accordingly, the request for an evidentiary hearing in regard to Bautista's motion to suppress is hereby **denied.** In the event that Bautista may dispute some of the material facts now presented by the government, the defendant will be allowed one last opportunity to demonstrate that an evidentiary hearing is required. If Bautista wishes to renew his evidentiary hearing request, in compliance with the local rule, he shall do so no later than **December 6, 2005.**

**SO ORDERED.**

Dated at Milwaukee, Wisconsin, this 30th day of November, 2005.

s/AARON E. GOODSTEIN<br>
United States Magistrate Judge