# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                    Case No. 05-CR-232

JULIO BAUTISTA,

        Defendant.

## ORDER ON THE DEFENDANT'S PRETRIAL MOTIONS AND RECOMMENDATION TO THE HONORABLE WILLIAM C. GRIESBACH

On September 20, 2005, the grand jury returned a two-count indictment against Julio Bautista ("Bautista"), charging him with distribution of cocaine on August 13, 2005 and September 7, 2005. Bautista has filed several pretrial motions: a motion to suppress, a motion to sever, and a motion for discovery.

In conjunction with the motion to suppress and the motion to sever, Bautista requested an evidentiary hearing. By order dated November 30, 2005, this court denied that request in regard to the motion to sever because Bautista presented only legal issues, which were not based on a factual dispute. In addition, the motion did not comply with Criminal Local Rule 12.3, which requires the movant to conference with the nonmoving party and then provide a description of the material disputed facts that the movant claims require an evidentiary hearing. Bautista's request for an evidentiary hearing on the motion to suppress was also denied in the same order because Bautista failed to comply with Criminal Local Rule 12.3. Noncompliance with Rule 12.3 was

particularly problematic with regard to the motion to suppress because the motion itself did not contain any factual basis for suppression, and no supporting memoranda was filed. Moreover, in response to Bautista's evidentiary hearing request, the government indicated that Bautista made a single post-arrest statement: "If you see my wife, tell her I said hi and that I fucked up." According to a Drug Enforcement Administration report filed in response to the request for hearing, Bautista's statement was unsolicited.

For the reasons stated in its order, as summarized above, the court denied Bautista's requests for evidentiary hearings. With regard to the motion to suppress, however, the court gave Bautista "one last opportunity to demonstrate that an evidentiary hearing is required." Order at 3. If he wished to renew his request, the defendant was instructed to comply with Criminal Local Rule 12.3. Bautista has not pursued his motion further and the motion fails to establish an adequate basis for suppression. Accordingly, the court will recommend that the motion to suppress be denied. The pleadings on the two remaining motions are closed and they are now ready for resolution. A jury trial is scheduled to commence before the Honorable William C. Griesbach on February 7, 2006, with a final pretrial conference set for January 26, 2006.

## MOTION TO SEVER

Bautista filed a motion to sever the two cocaine distribution counts set forth in the indictment, claiming that (1) the jury will infer his guilt on both counts due to the cumulative nature of evidence at a joint trial and (2) he may choose to testify as to one of the counts but not the other count.

Bautista's claims focus on Federal Rule of Criminal Procedure 14(a), which governs relief from prejudicial joinder of offenses. Rule 14(a) reads as follows:

2

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Severance is appropriate under Rule 14 only if there is serious risk that joint trial would compromise a specific trial right of the defendant or the jury would be unable to reach a reliable decision about the defendant's guilt or innocence. United States v. Smith, 308 F.3d 726, 736 (7th Cir. 2002); United States v. Hughes, 310 F.3d 557, 563 (7th Cir. 2002); United States v. Rivera, 6 F.3d 431, 438 (7th Cir. 1993). The defendant has the burden of showing actual prejudice resulting from joinder, and it is not adequate to show merely that the defendant would have a better chance of acquittal if counts were severed. United States v. L'Allier, 838 F.2d 234, 241 (7th Cir. 1988); United States v. Abraham, 541 F.2d 1234, 1240 (7th Cir. 1976). In addition, the defendant's showing of actual prejudice must be balanced against policy encouraging joint trials for judicial economy and to avoid lengthy and repetitious trials involving same evidence and same witnesses. Smith, 308 F.3d at 736; United States Donaldson, 978 F.2d 381, 391 (7th Cir. 1992); United States v. Peters, 791 F.2d 1270, 1287 (7th Cir. 1986).

With these standards in mind, the court concludes that severance is not appropriate in the present case. Bautista's claim that the jury is likely to infer his guilt on one count due to the evidence regarding the second count is unpersuasive in light of the evidence that the government says it will present at trial. According to the government, the pending charges are based on two controlled sales of cocaine to a confidential informant. Prior to each sale, the government recorded conversations between Bautista and the informant, during which Bautista made arrangements to sell the informant a particular quantity of cocaine, agreed to a sale price, and designated a meeting place for the exchange. In addition, the government says that it supplied the

3

informant with marked money to give to Bautista in exchange for the cocaine, recorded the informant's conversation with Bautista, and simultaneously conducted physical surveillance of the alleged cocaine sales. After the second controlled buy, the government says that officers arrested Bautista and found him carrying drugs and the marked money supplied to the informant.

Based on this proffer, which Bautista did not contest by way of a reply brief, it appears that a joint trial on the two cocaine distribution charges will be straightforward and that the jury will be able to segregate and apply the evidence presented to the relevant count. Moreover, because the government's evidence in regard to both counts involves the same investigatory methods and same informant, the efficiency considerations that must be weighed against risk of prejudice to the defendant are significant on these facts. As to this ground, the court will deny the defendant's motion to sever and will turn to Bautista's second argument.

In that regard, Bautista says that he may testify in defense of one count but not the other. This possibility alone does not constitute the showing required for severance set forth by the Seventh Circuit Court of Appeals. In United States v. Ely, the Seventh Circuit stated that "severance is not mandatory every time a defendant wishes to testify to one charge and remain silent about another. If that were the law, a court would be divested of all control over the matter of severance and the choice would be entrusted to the defendant." United States v. Ely, 910 F.2d 455, 459 (7th Cir. 1990)(citing United States v. Peters, 791 F.2d 1270, 1287 (7th Cir. 1986)). Thus, severance is only required when a defendant demonstrates that he has (1) important testimony to give concerning some counts and (2) a strong need to refrain from testifying with regard to other counts. Ely, 910 F.2d at 457 (citing United States v. Archer, 843 F.2d 1019, 1022 (7th Cir. 1988) and Baker v. United States, 401 F.2d 958, 977 (D.C.Cir.1968)). Bautista says only that he *may* testify as to one of the counts and not the other. Bautista has not specified why

4

testimony limited to one of the counts would be important, which of the two counts his possible testimony would regard, or what his testimony would be. Moreover, the government claims that the incriminating evidence against Bautista is substantial and that it will present similar evidence in support of both counts. Absent clear indication as to how the counts are different from Bautista's perspective and a description of Bautista's testimony, further discussion of severance on this basis would be purely speculative. Bautista's vague showing of prejudice does not come close to outweighing the benefits of joint trial, and any risk of prejudice will most effectively be addressed by way of a limiting instruction, if necessary, from the trial court. Accordingly, as to Bautista's second claim, the court will deny the motion to sever.

## MOTION FOR DISCOVERY

Bautista's remaining motion sets forth numerous discovery requests for exculpatory evidence. Bautista states that the requested discovery is "specifically designed to discover witness bias, as yet unknown inconsistent statements, examples of untruthful conduct and discrediting their reliability." (Bautista Br. at 2.).

In particular, Bautista requests that the government identify its witnesses, disclose any statements made after the government's initial production of discovery, provide any briefings conducted after the sentencing of a witness, and produce exculpatory portions of a witness' presentence report. (Bautista Br. at 4-5, ¶¶ 1-4.). In addition, Bautista requests fourteen categories of information that he deems discoverable pursuant to United States v. Bagley, 473 U.S. 667 (1985) and Giglio v. United States, 405 U.S. 150 (1972). These discovery requests include evidence of witness hostility towards Bautista, evidence of various incentives offered in exchange for witness testimony, information regarding witness' prior convictions, and disclosure of other investigations during which the government's witness was a suspect. (Bautista Br. at 5-9,

5

¶ 5(a)-(r).). Then, in seventeen separate requests, Bautista goes on to demand additional exculpatory information about the government's witnesses, such as evidence of untruthful conduct, agent notes about interaction with the witnesses, search warrants for which the witness was a target, sentencing transcripts, witness notes, drug ledgers, customers, location, bank records, diaries, and agent information. (Bautista Br. at 9-12, ¶¶ 6-22.).

Bautista is clearly not entitled to many of the disclosures he requests. For example, as to Bautista's request for agent notes, it is well established that the government need only disclose a written report that contains all of the information found in an agent's original notes. United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000)(citing United States v. Muhammad, 120 F.3d 688, 699 (7th Cir.1997)). Bautista gives no reason to deviate from this general rule.

Similarly, Bautista has not demonstrated entitlement to witness presentence reports. Disclosure of a presentence report is "contrary to the public interest as it would adversely affect the sentencing court's ability to obtain data on a confidential basis from the accused and from sources independent of the accused for use in the sentencing process." United States v. Greathouse, 484 F.2d 805, 807 (7th Cir. 1973). Thus, maintaining the confidentiality of presentence reports is critical, and courts have refused to require their production. In fact, disclosure is made only where the presentence report may be absolutely essential to effective presentation of defense, and therefore required in the interests of justice. United States v. Cyphers, 553 F.2d 1064, 1069 (7th Cir. 1977). At this time, Bautista does not yet have a list of the government's witnesses and has not singled out any particular witness that he will attempt to impeach at trial using a presentence report. Accordingly, Bautista's motion fall far short of the requisite showing needed to warrant disclosure.

6

As demonstrated by the foregoing examples, many of the requested disclosures should not be made as a matter of course, and Bautista's motion does not contain analysis of the standards that govern disclosure in this circuit. As to information that Bautista is plainly entitled to obtain under the Federal Rules of Criminal Procedure, and that Bautista will receive pursuant to the government's open file policy, the government responds that it is aware of its disclosure obligations. (Wesley Ltr. Resp. Nov. 29, 2005 ¶ 2.). Accordingly, as to many of his requests, Bautista's motion is moot.

Furthermore, Bautista's discovery motion fails to comply with this district's Local Rules and the pretrial order dated October 4, 2005. The pretrial order states that, "[a]ny discovery motion under Fed. R. Crim. P. 16(a) or 16(b) must be accompanied by the statement required by Criminal L.R. 16.1(a)." That Local Rule provides, in pertinent part, that:

> [i]f the government is following the open file policy, the government need not respond to and the Court must not hear any motion for discovery under Fed.R.Crim.P. 16(a) or 16(b) unless the moving party provides in the motion a written statement affirming (i) that a conference with opposing counsel was conducted in person or by telephone, (ii) the date of such conference, (iii) the names of the government counsel and defense counsel or defendant between whom such conference was held, (iv) that agreement could not be reached concerning the discovery or disclosure that is the subject of the motion, and (v) the nature of the dispute.

Crim. L.R. 16.1. In this case, Bautista's motion for discovery was filed in contravention of the pretrial order because Bautista failed to include the requisite Local Rule 16.1(a) statement. In doing so, Bautista's motion illustrates the inefficiency the local rule attempts to avoid. The court has now responded to a motion that appears to contain a laundry list of all possible discovery a defendant might request about witnesses. There is little attempt to tailor these requests to the discovery at hand. This is the type of motion that the local procedure attempts to avoid. Because Bautista has failed to comply with the pretrial order and the Local Criminal Rules, and the

7

government claims that all necessary disclosures will be made, Bautista's motion for discovery will be denied.

For all of the reasons discussed herein, the court now enters the following recommendation and order on Bautista's pretrial motions:

**IT IS THEREFORE RECOMMENDED** that Bautista's motion to suppress be **denied.**

**IT IS THEREFORE ORDERED** that Bautista's motion to sever is **denied.**

**IT IS FURTHER ORDERED** that Bautista's motion for discovery is **denied.**

Your attention is directed to 28 U.S.C. § 636(b)(1)(A)-(C), Federal Rule of Criminal Procedure 59 (a)-(b), and General Local Rule 72.3 (E.D. Wis.); whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation and order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

Dated at Milwaukee, Wisconsin this 28th day of December, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge